# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LARRY ALLEN, JR.**
        **Petitioner,**

    v.                                         **Case No. 04-C-1155**
                                                          **(Criminal Case No. 01-CR-7)**

**UNITED STATES OF AMERICA**
        **Respondent.**

---

### ORDER

Petitioner Larry Allen, Jr. filed a § 2255 motion attacking his conviction and sentence. I granted petitioner time to amend his motion, and now issue the following order under Rule 4 of the Rules Governing Section 2255 Proceedings.

### I. BACKGROUND

Petitioner pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(d), and use of a firearm during a crime of violence, 18 U.S.C. § 924(c). The pre-sentence report (PSR) designated petitioner a career offender under U.S.S.G. § 4B1.1, making his offense level 31 and criminal history category VI, producing an imprisonment range of 188-235 months on count one. (Count two carried a statutory mandatory seven year consecutive sentence). Petitioner's lawyer objected to the career offender designation, arguing that two of the predicate offenses upon which the PSR relied had been "functionally consolidated." I agreed and found that the offense level was properly set at 22 on count one, producing an imprisonment range of 84-105 months. On November 7, 2002, I imposed a sentence

of 84 months on each count to run consecutively for a total of 168 months. Petitioner took no appeal.

On December 1, 2004, petitioner filed the instant § 2255 motion, arguing that his plea was involuntary and his lawyer was ineffective in various respects. In the § 2255 motion, petitioner indicated that on October 21, 2004, he had filed a motion under Blakely v. Washington, however, the court had no record of such motion. On February 2, 2005, petitioner filed a "Motion for Modification/Reduction of Sentence" in the underlying criminal case, Case No. 01-CR-7, relying on United States v. Booker, in which he argued that his sentence under the guidelines was contrary to the Sixth Amendment. He provided no jurisdictional basis for this motion, nor did he indicate that the motion was intended as a supplement to or amendment of the § 2255 motion. (Case No. 01-CR-7, R. 76.)

On February 4, 2005 I issued an order in which I offered petitioner an opportunity to withdraw the "Motion for Modification/Reduction of Sentence" and/or amend his § 2255 motion to raise all claims for collateral relief he believed he had. I also advised petitioner that federal prisoners are generally entitled to only one § 2255 motion, that all available claims for relief should be raised in that motion, and that any second or successive motions had to be certified by a panel of the court of appeals. See United States v. Evans, 224 F.3d 670, 675 (7th Cir. 2000). Finally, I advised petitioner that the claims in the original § 2255 motion were vague and insufficiently supported by facts, and allowed him to amend his motion to correct this deficiency. I provided petitioner 30 days to file an amended motion.

On April 11, 2005, the court received a letter from petitioner indicating that he had been transferred to another prison and asking for more time. On April 12, 2005, I issued

an order granting petitioner another 30 days to file an amended motion. I advised petitioner that if he failed to do so I would proceed to consider the motion under Rule 4 of the Rules Governing Section 2255 Proceedings.

On April 21, 2005, petitioner filed a paper in response to my order. It stated:

> Now comes Larry Allen, Jr. pro se <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) 28 U.S.C. § 2255 to vacate sentence, dismiss indictment with prejudice and all false and misleading complaints and statements and discharge Larry Allen, Jr. Where that the court wants jurisdiction over his person [sic]. Wherefore, movant prays that the court grant him all relief to which he may be entitled in this proceeding. 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.

(R. 5.)

## II. DISCUSSION

### A. Standard of Review

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1.

Pursuant to Rule 4, the court must screen § 2255 motions.

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

As the Seventh Circuit recently reiterated:

3

> A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 2. . . . "[A] hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations." Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995). "The district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded." Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989) (quoting Day v. United States, 357 F.2d 907, 910 (7th Cir. 1966)).

Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005).

**B.  Application**

Despite being given the opportunity to flesh out his claims and provide supporting facts, petitioner failed to do so. His allegations are conclusory and speculative. Therefore, his motion may be denied without a hearing or response from the government.

**1.  Plea Claim**

As his first ground for relief petitioner alleges:

> The plea was made under duress and intense pressure from my attorney. My attorney failed to explain the complete impact my plea would have on my sentence. I did not willingly nor intelligently enter my plea agreement. The mere fact that I was an active heroin addict going through withdrawal during this time period. [sic]

(Motion [R. 1] at 2 ¶ A.)

Petitioner does not describe the sort of pressure his lawyer allegedly applied, the impact counsel failed to explain, or how his heroin addiction affected his ability to understand what was going on. Further, his statements during the plea colloquy contradict his claims. Petitioner stated that he had discussed pleading guilty with his lawyer, that he had enough time to talk to his lawyer, and that he was satisfied with his lawyer's efforts. (7/12/02 Plea Hr'g Tr. at 3.) He further indicated that no one had forced or threatened him

into pleading guilty, and that he was doing so of his own free will. (Id. at 6.) He denied being under the influence of drugs or alcohol, or that he had ever had any mental health problems. (Id. at 3.) He made similar assurances in the written plea agreement. (Case No. 01-CR-7, R. 44.)

As the Seventh Circuit has noted:

> A plea of guilty is a "grave and solemn act." United States v. Ellison, 798 F.2d 1102, 1106 (7th Cir. 1986). "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999). . . . The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing. United States v. Gwiazdzinski, 141 F.3d 784, 788 (7th Cir. 1998). Representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are therefore entitled to "a presumption of verity." United States v. Pike, 211 F.3d 385, 389 (7th Cir. 2000).

United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004).

Petitioner's bald allegations are insufficient to overcome the clear indication on the record that his plea was knowing and voluntary. Thus, the claim must be summarily denied.[1]

---

[1] To the extent that this claim rests upon the alleged ineffectiveness of counsel, petitioner may raise it on collateral review notwithstanding his failure to move to withdraw his plea before me or raise the issue on direct appeal. See Massaro v. United States, 538 U.S. 500 (2003). For the reasons discussed, petitioner has failed to show ineffective assistance impugning his plea. See Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) ("Berkey admitted that no one had made any promises to him to induce a plea of guilty. In addition, the court asked Berkey if it was his intent to plead guilty as his own free and voluntary act. Berkey responded in the affirmative. This colloquy, in addition to other excerpts from the record, demonstrates that Berkey entered his plea knowing the likely consequences and understanding the implacable nature of the sentence. To now claim that he was pushed by his attorney through an abyssal process contradicts the record.").

### 2. Ineffective Assistance Claims

Petitioner also alleges that his lawyer was ineffective in three ways. In order to prevail on an ineffective assistance claim petitioner must show that his lawyer's performance fell below an objective standard of reasonableness and that as a result he suffered prejudice. Strickland v. Washington, 466 U.S. 668, 688 (1984).

Petitioner first claims: "My lawyer did not act as an effective advocate in my case. This attorney failed to reveal my addition [sic] and minor role in the bank robbery." (Motion [R. 1] at 2 ¶ B.) The first sentence is too vague to raise a colorable claim. And even assuming that counsel unreasonably failed to present the information listed in the second sentence, petitioner has made no showing of prejudice. He has not explained how his addiction would have been relevant to the sentence or any other aspect of the case, nor has he shown that he was entitled to a minor role adjustment yet counsel failed to argue for one. See Emezuo v. United States, 357 F.3d 703, 705 (7th Cir. 2004) (rejecting ineffective assistance claim based on failure to argue for guideline reduction because petitioner had not shown entitlement to the reduction). Therefore, this claim must be denied.

Petitioner next contends: "My attorney refused to allot minimum time on my case. This attorney failed to investigate my claims, interview possible defense witnesses and research possible mitigating defenses." (Motion [R. 1] at 2 ¶ C.) This claim also fails. Petitioner fails to explain how counsel's spending more time on the case would have changed the result or what witnesses and defenses counsel failed to investigate. See, e.g., United States v. Farr, 297 F.3d 651, 658-59 (7th Cir. 2002) ("A defendant has the burden of supplying 'sufficiently precise information [regarding] the evidence that would

6

have been obtained had his counsel undertaken the desired investigation, and of showing whether such information . . . would have produced a different result.'") (quoting United States v. Rodriguez, 53 F.3d 1439, 1449 (7th Cir. 1995)); Granada v. United States, 51 F.3d 82, 85 (7th Cir. 1995) ("Granada has also not established prejudice from [counsel's] failure to call additional witnesses because he has not identified who these witnesses were or what their testimony would have been."). Thus, this claim must also be denied.

Finally, petitioner contends: "My attorney failed to advise his client as to the effects of my plea agreement had [sic] on my sentence length. This attorney failed to achieve a binding plea agreement in my case." (Motion [R. 1] at 5 ¶ D.) Petitioner fails to explain what "effects" he is referring to; if he means the fact that the sentence on count two – the § 924(c) charge – had to run consecutive to that on count one, petitioner was advised of this fact in the plea agreement and during the plea colloquy. (7/12/02 Plea Hr'g Tr. at 5.) The reference to a "binding plea agreement" is totally unclear. The agreement bound the United States and petitioner according to its terms. This claim must be summarily denied as well.[2]

---

[2]It is also worth noting that counsel did a fine job for petitioner at sentencing. He presented a detailed submission demonstrating that petitioner was not a career offender as alleged by the PSR. This saved petitioner more than 100 months in prison.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgement accordingly.[3]

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[3]As noted above, petitioner filed a separate motion raising a Booker claim. I gave him the opportunity to include such claim in the § 2255 motion, but he failed to do so. Even if I were to consider the claim in this case, I would be compelled to deny it because Booker is not retroactive. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). I will also issue a separate order under Case No. 01-CR-7 dismissing that motion.